## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

REGINA SMITH,            :

                  :

          **Plaintiff,**    :     **Case No.:**

                  :

   **vs.**             :

                  :

MARCH, INC. OF MANCHESTER,   :

                  :

          **Defendant.**  :     **December 30, 2020**

                  **Jury Trial Demanded**

## COMPLAINT

Plaintiff, Regina Smith, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, March Inc. of Manchester, respectfully alleges:

## PARTIES

1.    Plaintiff, Regina Smith, is a citizen and resident of the State of Connecticut.

2.    Defendant, March, Inc. of Manchester, was and is a corporation organized and existing under the laws of the State of Connecticut with a principal place of business located at 222 McKee Street, Manchester, Connecticut 06040.

3.    At all times material, plaintiff was an employee within the meaning of the ADA Amendments Act of 2008 (ADAAA).

4.    At all times material, defendant was an employer within the meaning of the ADAAA.

5.    At all times material, plaintiff was an employee within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

6.    At all times material, defendant was and employer within the meaning of

the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

7.    At all times material, plaintiff was an eligible employee as that term is defined by the FMLA.

8.    At all times material, defendant employed fifty or more employees at plaintiff's former worksite for twenty or more weeks in 2017 and 2018 in an industry affecting interstate commerce. Accordingly, defendant is an employer covered by the FMLA.

## JURISDICTION AND VENUE

9.    The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: The Americans with Disabilities Act Amendments Act of 2008, cited as 42 U.S.C. §12101.

10.    This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

11.    The Court has pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

12.    Defendant employed plaintiff.

13.    Plaintiff was hired on or about April 26, 2017.

14.    Plaintiff's job position was Support Manager.

15.    Plaintiff was qualified for the job.

16.    Plaintiff had the necessary qualifications, background and skills to perform the essential functions of the job.

17.    Defendant employs Kathleen French.

2

18.     French is a supervisory employee.

19.     French supervised the plaintiff.

20.     Plaintiff has a disability within the meaning of the ADA and CFEPA.

21.     Plaintiff suffers from Deep Vein Thrombosis (DVT).

22.     Plaintiff suffered a stroke.

23.     Plaintiff suffers from neurological deficits.

24.     DVT causes strokes.

25.     DVT causes neurological deficits.

26.     Defendant was aware of plaintiff's disability.

27.     On or about March 19, 2018, defendant put plaintiff on a work plan.

28.     It was a 30 day plan.

29.     In March 2018, plaintiff was actively under the care and treatment of one
or more health care providers for her disability or symptoms-related to or associated with
her disability. Plaintiff saw doctors and went to the hospital.

30.     Plaintiff had to miss time from work due to the disability.

31.     Defendant was aware that plaintiff missed time from work due to the
disability.

32.     Defendant received a doctor's note dated April 11, 2020 excusing plaintiff
from work due to her disability. The doctor's requested a leave of absence through April
30, 2018.

33.     Defendant employs 50 or more employees.

34.     Defendant discussed the FMLA with plaintiff prior to its decision to
terminate plaintiff's employment.

3

35.     Defendant generated a termination letter dated April 12, 2018.

36.     Plaintiff was unable to demonstrate her performance under the 30 day work plan because of her disability.

37.     Plaintiff would have become FMLA eligible prior to the conclusion of her requested leave of absence.

38.     Defendant knew that plaintiff was going to become eligible for the FMLA before April 30, 2018.

39.     Defendant did not provide plaintiff with the opportunity to demonstrate her job performance.

40.     Plaintiff can perform the essential functions of the job with or without a reasonable accommodation.

41.     On or about August 17, 2018, plaintiff filed a complaint against defendant with the State of Connecticut Commission on Human Rights and Opportunities (CHRO).

42.     On or about August 17, 2018, plaintiff filed a complaint against defendant with the Equal Employment Opportunity Commission (EEOC).

43.     On or about October 6, 2020, plaintiff received a Release of Jurisdiction from the CHRO (copy attached hereto as Ex.1).

44.     On or about December 29, 2020, plaintiff requested a right to sue letter from the EEOC and is awaiting receipt of its issuance. (copy will be attached hereto as Ex.2).

### **FIRST COUNT**
### **((Disability Discrimination in Violation of the ADAAA)**

1.     Plaintiff repeats the allegations in paragraphs 1 through 44 above as if fully incorporated herein.

4

45.     Defendant's actions violate The Americans with Disabilities Act Amendments Act of 2008, which prohibits discrimination on the basis of disability.

46.     Defendant, by and through its agents and/or employees, violated the Americans with Disabilities Act, in one or more of the following ways:

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b)     In that defendant discriminated against the plaintiff in such a way that it adversely affected her status as an employee;

(c)     In that defendant terminated plaintiff's employment;

(d)     In that defendant treated the plaintiff adversely different from similarly situated employees;

(e)     In that defendant discriminated against the plaintiff for requiring a reasonable accommodation; and

(f)     In that defendant intentionally discriminated against the plaintiff.

47.     As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

48.     As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

49.     As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings

5

and investment opportunities, and other pecuniary and non-pecuniary losses.

50.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

51.     Defendant exhibited reckless indifference to the plaintiff's civil rights by terminating her employment on the basis of her disability.

## SECOND COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(b)(1))

1.      Plaintiff repeats the allegations in paragraphs 1 through 51 above as if fully incorporated herein.

52.     Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

(a)     In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b)     In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c)     In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)     In that defendant terminated plaintiff's employment on account of her disability;

(e)     In that defendant intentionally discriminated against the plaintiff;

(f)     In that defendant discriminated against the plaintiff for requiring a reasonable accommodation

53.     As a direct and proximate result of defendant's unequal treatment and

6

discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of her disability.

54.     As a direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

55.     As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

56.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

### THIRD COUNT
**(Failure to Provide Reasonable Accommodation in Violation of the ADA Amendments Act of 2008)**

1.     Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 56 as though fully set forth herein.

57.     Defendant, by and through its agents, servants, and/or employees, violated the ADA Amendments Act of 2008 in one or more of the following ways.

(a)     In that defendant failed to provide the plaintiff with a reasonable accommodation;

(b)     In that defendant denied the plaintiff a reasonable accommodation;

(c)     In that defendant failed to initiate an interactive reasonable accommodation process with the plaintiff;

7

(d)     In that defendant failed to engage in an interactive reasonable accommodation process with the plaintiff.

58.     As a direct and proximate result of defendant's reasonable accommodation denial, plaintiff has been deprived of work and equal employment opportunities because of her disability.

59.     As a further direct and proximate result of defendant's failure to accommodate, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefits plan, and interest.

60.     As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

61.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

62.     The defendant reckless indifference to plaintiff's civil rights.

### FOURTH COUNT
**(Failure to Accommodate in Violation of C.G.S. §46a-60(b)(1))**

1.     Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 62 as though fully set forth herein.

63.     Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways:

8

(a)     In that defendant failed to provide the plaintiff with a reasonable accommodation;

(b)     In that defendant denied the plaintiff a reasonable accommodation;

(c)     In that defendant failed to initiate an interactive reasonable accommodation process with the plaintiff;

(d)     In that defendant failed to engage in an interactive reasonable accommodation process with the plaintiff.

64.     As a direct and proximate result of defendant's failure to accommodate, and termination, plaintiff has been deprived of work and equal employment opportunities because of her disability.

65.     As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefits plan, and interest.

66.     As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

67.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## **FIFTH COUNT**
### **(Retaliation in Violation of the ADA)**

1.      Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 67 as though fully set forth herein.

68.      Defendant, by and through its agents, servants, and/or employees, violated the ADA in one or more of the following ways.

a.      In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

69.      As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, wages and employee benefits, and harm to his professional reputation.

70.      As a further result of defendant's retaliation, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

71.      Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

### SIXTH COUNT
### (Retaliation In Violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(b)(1))

1.      Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

72.      Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-609(b)(1) *et seq.* in one or more of the following ways.

a.      In that defendant retaliated against the plaintiff for requesting a reasonable

10

accommodation.

73.     As a result of defendant's violation of Connecticut Fair Employment
Practices Act C.G.S. §46a-60(a)(4), plaintiff suffered damages including: loss of
employment, loss of income and wages and benefits, and harm to her professional
reputation.

74.     As a further result of defendant's retaliatory conduct, plaintiff has suffered
emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of
enjoyment of life, impairment of her personal and professional reputation, damage caused
by the Plaintiff's loss of insurances and savings and investment opportunities, and other
pecuniary and non-pecuniary losses.

75.     Plaintiff has suffered and will continue to suffer injuries as a result of
defendant's wrongful and retaliatory acts.

**SEVENTH COUNT**
**(Interference with the Exercise of Rights under the FMLA)**

1.     Plaintiff repeats and re-alleges the allegations set forth above as though
fully set forth herein.

76.     Plaintiff suffered from a medical condition that constituted a serious health
condition as that term is defined by the FMLA.

77.     Defendant, by and through its agents and/or employees, interfered with
and violated plaintiff's rights under the FMLA in one or more of the following ways:

(a)     by terminating the plaintiff's employment;

(b)     by denying plaintiff's FMLA rights;

(c)     by failing to notify plaintiff of her FMLA rights; and

11

(d)      by failing to designate her absences as being FMLA protected.

78.      As a direct and proximate result of defendant's wrongful acts and/or omissions, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee and/or retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

79.      Defendant willfully interfered with plaintiff's exercise of FMLA rights.

## EIGHTH COUNT
### (FMLA Discrimination/Retaliation)

1.      Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

80.      Plaintiff invoked her right to FMLA-qualifying leave.

81.      Defendant, by and through its agents, retaliated against the plaintiff for the exercise or attempted exercise of her rights under the FMLA in one or more of the following ways:

(a)      by terminating plaintiff's employment.

82.      As a direct and proximate result of defendant's retaliation, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee benefits, and other expenses and financial losses that would not otherwise have been incurred.

83.      Defendant's actions were willful.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory

damages; damages for back pay, front pay, bonuses, personal days, lost

pension/employee/retirement benefits, consequential damages, emotional distress;

punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; liquidated

damages; prejudgment interest; for an injunction requiring the removal of any and all

adverse information contained in plaintiff's personnel file; for a trial by jury; and for all

other just and proper relief.

Dated:   December 30, 2020

*James Sabatini*
_____
James V. Sabatini, Esq. ct19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com


ATTORNEY FOR PLAINTIFF

13

# EXHIBIT 1

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Regina Smith
**COMPLAINANT**

CHRO No. 1940064

vs.

EEOC No. 16A-2018-01663

March Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** October 6, 2020

Tanya A. Hughes, Executive Director

Service:
Complainant's counsel:   jsabatini@sabatinilaw.com
Respondent's counsel:    delliott@barclaydamon.com

# EXHIBIT 2

15